IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. HARRIS,

       Plaintiff,

v.                   OPINION & ORDER

OFFICER MASON, OFFICER MUNCHIE, and   17-cv-570-jdp
OFFICER WEDDIG,

       Defendants.

---

  Pro se plaintiff Brandon Harris, a Wisconsin prisoner incarcerated at the Waupun Correctional Institution (WCI), is proceeding on Eighth Amendment deliberate indifference claims against correctional officers at WCI. Harris alleges that defendants Officer Mason, Officer Munchie, and Officer Weddig failed to provide him with adequate medical care in response to a sickle-cell crisis.

  Harris moves to strike three affirmative defenses in defendants' answer: failure to exhaust administrative remedies, qualified immunity, and sovereign immunity. Dkt. 16. Generally, courts will not strike affirmative defenses when they are sufficient as a matter of law or if they present questions of law or fact. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Still, affirmative defenses are subject to the pleading requirements of Rule 8, *Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734, 736–37 (N.D. Ill. 1982), and they must pass muster under Rule 12(f), which allows the court to strike defenses that are "redundant, immaterial, impertinent, or scandalous."

  The first affirmative defense, failure to exhaust administrative remedies, presents a question of fact. If defendants file a motion raising the defense later in the case, after gathering

evidence, I will decide whether Harris actually exhausted available administrative remedies. For now, at the pleading stage, defendants are merely preserving their right to assert the exhaustion defense by notifying Harris of the defense.

The second affirmative defense, qualified immunity, presents questions of fact and law. Again, if defendants file a motion raising the defense later in the case, I will examine the legal authorities and evidence presented by the parties and decide whether defendants are entitled to qualified immunity.

I will strike the third affirmative defense, sovereign immunity, because it is irrelevant here. The complaint, Dkt. 1, and the order on leave to proceed, Dkt. 10, make clear that Harris is proceeding against defendants in their individual capacities, so there is no question that sovereign immunity cannot apply here. *See Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1009 (7th Cir. 2000).

ORDER

IT IS ORDERED that:

1. Plaintiff Brandon D. Harris's motion to strike, Dkt. 16, is GRANTED in part and DENIED in part.

2. Defendants' sovereign immunity defense, Dkt. 15, at 3, is struck.

Entered February 15, 2018.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge