# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

BRANDON D. HARRIS,

                    Plaintiff,

v.

JOSHUA MASON,

                    Defendant.

ORDER

17-cv-570-jdp

Pro se plaintiff Brandon Harris is proceeding on an Eighth Amendment deliberate indifference claim against defendant Joshua Mason, a correctional sergeant at Harris's previous prison, Waupun Correctional Institution. Trial is scheduled for April 17, 2019. The court held final pretrial conference by phone on April 2, at which Harris appeared in person, and Mason appeared by his counsel, Eliot Michael Held and Gesina S. Carson.

This order summarizes the motion in limine rulings made at the conference, and it provides further information about the conduct of trial. What I consider to be near-final drafts of the voir dire, jury instructions and verdict form will be distributed with this order.

A. **Motions in limine**

Mason has filed four motions in limine. Dkt. 57. His first and second motions in limine seek to exclude any reference to other legal proceedings involving Mason or other lawsuits against the DOC or its employees. I will grant both motions. Even without the parties explaining what specific pieces of evidence might be at issue, it is difficult to see how other lawsuits would have probative value outweighing the potential for prejudice. And under Rule 404 of the Federal Rules of Evidence, other alleged bad acts by Mason would be inadmissible to show that he has a propensity to behave in a certain way.

Mason's third motion in limine seeks to exclude references to who pays for any judgment. I will grant the motion. As a general rule, evidence of indemnification—i.e. evidence that a third party is footing the bill—is inadmissible. *See Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998) (courts should exclude evidence of indemnification unless defendant introduced evidence of his financial condition). Harris will not be allowed to submit evidence or make arguments referencing the fact that the DOC or the state of Wisconsin will pay any damages owed by Mason.

Mason's fourth motion in limine seeks to exclude hearsay statements of other inmates. Specifically, Mason wants to stop Harris from testifying that other inmates told him about statements made by Mason. I will grant this motion. To clarify: Harris may testify about statements that Harris directly heard Mason say, and Harris's witness, Deron Love, may also testify about statements that Love directly heard Mason say. Furthermore, Harris may testify that he told Love and other inmates to use their intercoms to call Mason on his behalf. But Harris cannot testify about what other inmates said outside of court.

**B. Trial logistics**

Trial will begin with a pretrial conference at 8:30 a.m. on Wednesday, April 17, with jury selection to follow at 9:00 a.m.

Harris indicates that he will appear in his prison clothing.

I will order his institution to allow him reasonable access to his legal papers in the evenings during trial.

ORDER

IT IS ORDERED that:

1. Defendant Joshua Mason's motion to exclude evidence of other lawsuits against Mason, Dkt. 57, is GRANTED.

2. Defendant's motion to exclude evidence of other lawsuits against the Wisconsin Department of Corrections or its employees, Dkt. 57, are GRANTED.

3. Defendant's motion to exclude evidence of indemnification, Dkt. 57, is GRANTED.

4. Defendant's motion to exclude hearsay statements of other inmates, Dkt. 57, is GRANTED.

5. Harris should be allowed reasonable access to his legal papers in the evenings during trial.

Entered April 4, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge